Lipscomb, J.
The court based its decision on article 1716, Hartley’s Digest. It is as follows : “That whenever a justice of the peace shall render a judgment for a fine, penalty, forfeiture, or imprisonment for anj offense against the laws of this State that lie has jurisdiction Anally to try, he shall certify the fact to the next term of the District Court of his county, which certificate shaL be a bar to any further prosecution for the same offense.” The judge was of the opinion that the legal consequence of the justice’s failure to return a certificate of the conviction was that the accused would be precluded from setting up in his defense such conviction in bar of another prosecution. Such, however, is not a fair construction of the statute. It cannot be supposed that it over was in the contemplation of the framers of the statute that the defendant should bo twice tried, convicted, and punished for the same offense, in violation of a fundamental principle in the jurisprudence of every civilized country.
The provision-of the statute was designed for the benefit and security of the accused. If (lie justice had discharged his duty the accused could have relied on t he certificate alone, without the necessity of any other evidence constituting a bar to the prosecution. This would have been more convenient, less expensive, and would have exposed him to less danger from the loss of other testimony lo Identify the offense and prove the conviction and satisfaction. When, however, lie is deprived of such convenient and conclusive testimony as Uic'certiiicato would have furnished, by the omission of the justice of the peace, he can resort to other modes of proof. The judgment is reversed and tlie prosecution dismissed.
Reversed and dismissed.